

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

F.# 2007R01151

*One Pierrepont Plaza
Brooklyn, New York 11201*

*Mailing Address:* *147 Pierrepont Street
Brooklyn, New York 11201*

June 14, 2007

Via Facsimile and ECF
The Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:  Ara v. Khan, et al.
               Civil Docket No. 07-1251(ARR)(JO)

Dear Judge Orenstein:

        The government respectfully moves, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, to intervene in this civil action and, pursuant to Title 18, United States Code, Section 1595(b)(1), for a stay of these proceedings pending the conclusion of the government's investigation and prosecution, if any, arising out of the same conduct and events alleged in this civil action.

                    RELEVANT BACKGROUND

        The plaintiff in this case has alleged thirteen separate causes of action arising out of her employment by the defendants between approximately November 2004 and December 2006. Among these causes of action, the plaintiff has alleged two claims pursuant to the private right of action created by 18 U.S.C. § 1595(a): (1) recruitment into trafficking, in violation of 18 U.S.C. § 1590 (First Claim of Relief); and (2) forced labor, in violation of 18 U.S.C. § 1589 (Second Claim of Relief) (the "trafficking claims"). On or about June 7, 2007, the government initiated a criminal investigation into the circumstances and conditions under which the plaintiff was employed by the defendants as possible violations of, inter alia, 18 U.S.C. §§ 1589 and 1590.

ARGUMENT

I. <u>The Government Should Be Permitted to Intervene</u>

Fed.R.Civ.P. 24(a) permits intervention of right where the intervenor "(1) file[s] a timely motion; (2) show[s] an interest in the litigation; (3) show[s] that its interest may be impaired by the disposition of the action; and (4) show[s] that its interest is not adequately protected by the parties to the action." <u>D'Amato v. Deutsche Bank</u>, 236 F.3d 78, 84 (2d Cir.2001) (internal quotation marks and citation omitted).

Fed.R.Civ.P. 24(b)(2) similarly provides for permissive intervention "[u]pon timely application . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Section 24(b) specifically provides that "[w]hen a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency . . . the officer or agency upon timely application may be permitted to intervene in the action." "Substantially the same factors [as apply to intervention of right] are considered in determining whether to grant an application for permissive intervention pursuant to Fed.R.Civ.P. 24(b)(2) . . . ." <u>In re Bank of New York Derivative Litig.</u>, 320 F.3d 291, 300 n. 5 (2d Cir.2003); Fed.R.Civ.P. 24(b) (in deciding whether to permit intervention, the court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.").

All of these factors weigh heavily in favor of permitting intervention by the government. First, the government has a direct and substantial interest in this civil action that is not protected by the civil litigants and will be impaired if the government is not allowed to intervene. The government's investigation is based on the same facts and law as the plaintiff's trafficking claims in this lawsuit. The government therefore has, as discussed more fully below, a substantial interest in staying the civil proceedings pending the conclusion of its criminal investigation and prosecution, if any. Similarly, intervention is appropriate because the plaintiff's trafficking claims are based on federal statutes enforced by the Department of Justice. <u>See</u> Fed.R.Civ.P. 24(b). Indeed, 18 U.S.C. § 1595(b)(1) specifically provides that civil claims filed under this section, such as the plaintiff's trafficking claims, "shall" be stayed pending the resolution of any criminal investigation or prosecution based on the same occurrence where the claimant is the victim. Congress therefore clearly contemplated that the government would be permitted to intervene

in any civil action brought under Section 1595(b)(1) in order to seek such a stay.

Second, the government's application is timely since its investigation began less than two weeks ago, and the civil action was filed only three months ago. Lastly, as discussed more fully below, the government's intervention will not result in "undue delay or prejudice in the adjudication of the rights of the original parties," and, in fact, may be necessary to protect the constitutional rights of the parties, and may serve to expedite the eventual resolution of the civil case.

Accordingly, the government should be permitted to intervene in this action.

II. A Stay is Required Under Section 1595(b)(1)

As discussed above, this civil action, which alleges violations of 18 U.S.C. §§ 1589 and 1590, has been filed, in part, under 18 U.S.C. § 1595(b)(1). Section 1595(b)(1) specifically provides that: "Any civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." "A criminal action includes any investigation and prosecution and is pending until final adjudication in the trial court." 18 U.S.C. § 1595(b)(2).

Here, the government's criminal investigation and civil action arise out of the same occurrence in which the plaintiff is the victim. Furthermore, as in the civil action, the government is seeking to determine whether the defendants have violated 18 U.S.C. §§ 1589 and 1590. Accordingly, Section 1595(b)(1) requires that the civil action be stayed pending the resolution of the government's criminal investigation and any resulting prosecution.

Although the civil complaint alleges eleven other claims of relief, they are based on the same conduct and facts as the trafficking claims and, therefore, are inseparable as a practical matter. Allowing discovery to continue in the civil action would result in the disclosure of the same information that the stay mandated by Section 1595(b)(1) is intended to protect. Thus, a complete stay of this civil action is necessary to preserve the government's ability to pursue its investigation and prosecution, and achieve the purposes of Section 1595(b)(1).

III. The Interests of Justice Require the Civil Case to be Stayed Pending Completion of the Criminal Investigation and Any Resulting Prosecution

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936) (decision to stay a parallel proceeding "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-55, citations omitted. Civil proceedings should be stayed in the face of parallel criminal investigations "when the interests of justice . . . require such action." Securities and Exchange Commission v. Dresser Industries, Inc., 628 F.2d 1368, 1375 (D.C. Cir.) (quoting United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970) (citations omitted)). See Federal Savings and Loan Insurance Corp. v. Molinaro, 889 F.2d 899, 902 (9th. Cir. 1989) ("A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case.").

The overriding public interest in punishing persons responsible for crimes and securing fair trials for the accused almost always outweighs the interest of a plaintiff in proceeding expeditiously with their civil litigation. As the Fifth Circuit pointed out, "[t]here is a clear-cut distinction between private interests in civil litigation and the public interest in a criminal prosecution, between a civil trial and a criminal trial . . . ." Campbell v. Eastland, 307 F.2d. 478, 487 (5th Cir. 1962). Moreover,

> [t]he very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

Id. Thus, "the trial judge in the civil proceeding should not ignore the effect that discovery would have on a criminal proceeding that is pending or just about to be brought . . . ."

and "[a] litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit." Id.

Such a principle "applies whether or not the litigant is *actually* a defendant in the parallel criminal case." Larouche Campaign v. Federal Bureau of Investigation, 106 F.R.D. 500, 501 (D. Mass. 1985). Nor need there be an intent on the part of the party pursuing the civil matter to defeat the strictures of criminal discovery. See Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992). Ultimately, the issues at stake in a criminal trial take precedent over the civil matter. Campbell, 307 F.2d at 487.

The differences between civil and criminal discovery underscore the wisdom of a stay of a civil action when a parallel criminal investigation exists. In Afro-Lecon, Inc. v. United States, 820 F.2d 1198 (Fed. Cir. 1987), the court, recognizing that parallel proceedings may result in the abuse of discovery, described the differences between civil and criminal "discovery" which should be considered when deciding whether to grant a stay of a civil proceeding:

> The scope of civil discovery is broad and requires nearly total mutual disclosure of each party's evidence prior to trial. . . . Rule 26 broadly authorizes discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" Fed.R.Civ.P. 26(b)(1). The information sought during discovery in a civil case need not be admissible at trial and need only be reasonably calculated to lead to discovery of admissible evidence. Id.
>
> Criminal "discovery" under the federal rules, in contrast, is highly restricted. . . . For example, Rule 15 controls the deposition process and permits a party to an action to depose only its own witnesses and then only pursuant to a court order in "exceptional circumstances." Fed.R.Crim.P. 15(a). The civil rules, in contrast, allow depositions of all parties to the action and any other person necessary to obtain testimony relevant

>to the subject matter of the action.
>Fed.R.Civ.P. 26. Rule 15 also provides that
>the defendant cannot be deposed without his
>consent and that the scope of cross-
>examination must be the same as at trial.
>Fed.R.Crim.P. 15(d). Rule 16 also
>significantly restricts discovery in criminal
>cases by describing what is discoverable with
>specificity and detail.

Id. at 1203 (internal citations omitted).

Moreover, the court also noted that it "has long been the practice to 'freeze' civil proceedings when a criminal prosecution involving the same facts is warming up or under way." Afro-Lecon, Inc., 820 F.2d at 1204 (quoting Peden v. United States, 512 F.2d 1099, 1103 (Ct.Cl. 1975) (citations omitted)). It added that "[t]he 'freeze' we think is not for the protection of the [individual subject to civil and criminal proceedings] only, but also rises out of a sense that deferrable civil proceedings constitute improper interference with the criminal proceedings if they churn over the same evidentiary material." Id.

Courts consider several factors in assessing the propriety of staying civil proceedings pending the outcome of related criminal investigations:

>(1) the private interests of the plaintiffs
>in proceeding expeditiously with the civil
>litigation as balanced against the prejudice
>to the plaintiffs if delayed; (2) the private
>interests of and burden on the defendant; (3)
>the convenience to the courts; (4) the
>interest of persons not parties to the civil
>litigation; and (5) the public interest.

Digital Equipment Corp. v. Currie Enterprises, 142 F.R.D. 8, 12 (D. Mass. 1991) (quoting Arden Way Assoc. V. Boesky, 660 F. Supp. 1494, 1496-97 (S.D.N.Y. 1987)); see also, Campbell v. Eastland, 307 F.2d. 478, 486 (5th Cir. 1962). These factors mitigate in favor of granting a stay of this civil action as shown below.

    A.    Plaintiff's Private Interest and Burden

With respect to the first factor, the plaintiff will not be unduly prejudiced because she is not being asked to forego her civil action, but merely to hold it in abeyance so that any

criminal investigation of this incident can be completed. Furthermore, there are clear benefits to the civil case if the criminal investigation and prosecution, if any, are permitted to go first. Most important, of course, is that a conviction of the defendants in a criminal case could form the basis of a finding of liability in the civil action. In addition, allowing the criminal matter to proceed first will streamline and focus the issues in the civil case, in that certain issues established during the criminal proceedings that will affect claims and defenses in the civil trial will not have to be re-litigated. See Twenty First Century Corp., 801 F. Supp. at 1011 ("the stay in this action may streamline later civil discovery since transcripts from the criminal case will be available to the civil parties").

    B.    <u>Defendants' Private Interest and Burden</u>

A stay of this civil action will not result in any undue burden to the defendants. Rather, it is the continuation of civil discovery that may create problems for the defendants. Knowing that they are under criminal investigation for the same conduct alleged in the civil case, they will likely assert their Fifth Amendment privileges against self-incrimination in the civil proceedings. Not only will this development likely interfere with the orderly collection of evidence in the civil case, it may "impose undue sanctions or penalties on [the defendants." Twenty First Century Corp., 801 F. Supp. at 1011 (stay of civil proceedings appropriate where "invocation of the fifth amendment imposes undue sanctions or penalties on a defendant").

    C.    <u>Public Interest</u>

The public's interest in the completion of a criminal investigation outweighs the plaintiff's interests in proceeding with her civil action. Campbell, 307 F.2d at 487. "'Where public policy intervenes, the Rule (of Discovery) should not be applied literally . . . .'" United States v. Bridges, 86 F. Supp. 931, 933 (N.D. Cal. 1949) (internal citation omitted). One of the primary concerns with prematurely releasing information and material gathered in a criminal investigation is that it will "arm" the criminal defendant "with the information in advance so as to prepare an alibi." Id. (citation omitted); see United States v. Hugo Key and Son, Inc., 672 F. Supp. 656, 658 (D.R.I. 1987) (granting stay and crediting prosecutor's concerns that liberal civil discovery rules "would expose the strategy of the prosecution and possibly result in defendant's perjury and manufacturing of evidence"). See also Twenty First Century

Corp., 801 F. Supp. at 1009 (criminal defendant should not be permitted to prematurely ascertain through civil discovery the scope and substance of confidential information provided by a cooperating witness).

Thus, a stay will prevent this civil action from interfering with any criminal investigation and will eliminate the possibility that information furnished pursuant to the liberal rules of civil procedure will impair the United States' efforts to bring potential criminal wrongdoers to justice.

CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the government's motions to intervene and to stay this civil action be granted.

Respectfully submitted,

ROSLYNN R. MAUSKOPF
United States Attorney

By: _____
Pamela Chen (PC 7015)
Assistant U.S. Attorney

cc: (via facsimile and ECF)
    Haeyoung Yoon, Esq.
    Barbara Hall, Esq.