**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
HASMAT ARA,

                       Plaintiff,                    **MEMORANDUM
                                                                 AND ORDER**

            - against -

                                                               CV 07-1251 (ARR) (JO)

SAKINA KHAN, et al.,

                       Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      As explained below, and with certain important caveats, I grant the United States leave to intervene in this case and order this civil action to be stayed until further order.

      Plaintiff Hasmat Ara ("Ara") has complained that her former employers, defendants Sakina and Kamran Khan (collectively, the "Khans"), unlawfully converted her service as a nanny living in the Khans' home into a form of slavery. *See generally* Docket Entry ("DE") 1. In seeking damages against the Khans, Ara invokes a number of legal authorities including one I specifically address in this Memorandum and Order: Section 1595 of Title 18 of the United States Code ("Section 1595"). Enacted in 2003, the statute created a new civil remedy for victims of the various offenses defined under the chapter of the criminal code proscribing peonage and slavery but also provides that any such civil action shall be stayed during the pendency of any related criminal investigation or prosecution. 18 U.S.C. § 1595(b). At the initial conference before me on May 31, 2007, the parties reported that they had no knowledge of any such investigation. I directed the parties to advise me promptly of any developments that might trigger the mandatory stay. DE 16.

      Today, counsel for the United States filed a letter-motion reporting that "[o]n or about June 7, 2007, the government initiated a criminal investigation into the circumstances and

conditions under which the plaintiff was employed by the defendants as possible violations of, *inter alia*, 18 U.S.C. §§ 1589 and 1590." DE 18 at 1. Based on that circumstance, the government seeks leave to intervene in this civil action and further asks that I stay all proceedings in the case pending the conclusion of its criminal investigation as well as the conclusion of any prosecution to which that investigation may lead.

The relevant statute makes a stay mandatory. 18 U.S.C. § 1595(b)(1) (a civil action "shall be stayed during the pendency of any [related] criminal action"); *id*. § 1595(b)(2) (defining "criminal action" to include "investigation" and providing that such an action is "pending until final adjudication in the trial court").[1] Accordingly, I now stay all proceedings in this case.

For purposes of administrative convenience, and in particular to ensure that the court is properly kept apprised of relevant developments in the investigation and any subsequent prosecution, I grant the government's motion to intervene. In light of the stay and the very specific relief the government seeks beyond the right to intervene, I assume that having secured the stay the government will seek no further relief as an intervenor and that its motion to intervene is now essentially moot. If that is incorrect, I will of course allow the parties to object to the government's intervention if and when the government seeks any further relief.

Regardless of whether the motion to intervene is moot, I recognize that I am ruling on it before the parties have had an opportunity to be heard on the matter. Ordinarily I would not act

---

[1] Not all criminal investigations result in prosecutions, and not all prosecutions result in adjudications. I assume that the stay I now order should be lifted if and when the government decides to end its investigation without seeking criminal charges or if any such charges are dismissed without an adjudication on the merits. In any event, I direct the government to advise me within one week of the occurrence of either such event so that the parties may present argument as to whether, in such circumstances, the stay should be lifted or deemed permanent because there will never be a "final adjudication in the trial court."

with such haste.[2]  However, I am aware that the parties to this action have previously agreed to conduct an inspection of the defendants' home tomorrow, on June 15, 2007.  To the extent that the defendants agreed to such an inspection only because they understood it would almost certainly be required pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure – at some time during the discovery phase, even if not tomorrow – fairness requires that I make the instant order now so that the defendants have time to decide whether they still wish to permit the inspection.  The parties are of course free to conduct the inspection, and to exchange information in other ways that would normally be required under the relevant discovery rules, on a purely voluntary basis and according to any mutually agreeable schedule.  By granting the government's application I cannot and do not forbid such cooperation; instead I merely remove any spectre of judicial compulsion for as long as the stay remains in effect.

Accordingly, for the reasons set forth above, I grant the motion for leave to intervene and order all proceedings in this case stayed pending the conclusion of the government's criminal investigation of the defendants and of any resulting criminal prosecution.

**SO ORDERED.**

Dated: Brooklyn, New York
       June 14, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[2]  I have no such concern about the timing of my ruling on the motion for a stay.  The relief the government seeks is mandatory if a criminal investigation is pending, and the government is uniquely competent to provide a conclusive report of that fact.  Accordingly, there is nothing that any party to the civil action could say in response to the motion for a stay that would likely change the outcome I now order.